**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4670

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRADLEY CAMPBELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:14-cr-00098-FL-1)

Submitted: October 28, 2022                    Decided: November 30, 2022

Before GREGORY, Chief Judge, and KING and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Campbell appeals the 306-month sentence imposed on his second resentencing following his conviction by a jury of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Campbell argues that the district court imposed a substantively unreasonable sentence.  We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the [Sentencing] Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We first must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).  Our review of the record reveals that the district court committed no reversible procedural error.  *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019); *see also United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (explaining that deficiencies in explanation are harmless if "we "can say with fair assurance that the district court's" discussion of omitted factors "would not have affected the sentence imposed" (cleaned up)).

"If [we] find[] no significant procedural error, [we] then consider[] the substantive reasonableness of the sentence imposed."  *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (internal quotation marks omitted).  A sentence must be "sufficient, but not

greater than necessary," to satisfy the statutory purposes of sentencing.    18 U.S.C. § 3553(a).  "A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (internal quotation marks omitted).  The district court must "ensure that the sentence caters to the individual circumstances of a defendant."  *United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014) (internal quotation marks omitted).  However, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffrey*, 631 F.3d 669, 679 (4th Cir. 2011). "[T]he fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *United States v. McKinnie*, 21 F.4th 283, 292 (4th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 2798 (2022).

We presume that a sentence below the applicable Guidelines range is substantively reasonable.  *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018).  Campbell can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Campbell asserts that a more significant downward variance was needed to account for his individual circumstances—namely, his prior untreated mental illness and drug addiction—and his demonstrated rehabilitation since his original sentencing. However, we conclude that Campbell fails to rebut the presumption of reasonableness accorded his

3

below-Guidelines sentence.  *See Zelaya*, 908 F.3d at 930; *Louthian*, 756 F.3d at 306.

Campbell's offense conduct was violent and indisputably severe.  As the district court

observed, Campbell had, despite his youth, incurred a significant and, at times, violent

criminal history, which had not deterred him from committing his current offenses.

Nevertheless, the district court granted a significant downward variance from the

Guidelines range of life imprisonment after crediting Campbell's and his counsel's

arguments regarding Campbell's rehabilitative efforts and positive postsentencing conduct.

Ultimately, the district court imposed a prison term only six months longer than the

sentence Campbell himself requested.  In view of the significant deference afforded the

district court's sentencing calculus, we conclude that the district court acted within its

discretion in selecting the sentence imposed.

Accordingly, we affirm the district court's judgment.  We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

*AFFIRMED*